IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHEILA YVONNE MCGEE AND
SHARON ANTOINETTE WILSON,

    Plaintiffs,

v.                                            Case No. 05-4002-JAR

STONEBRIDGE LIFE INSURANCE COMPANY,

    Defendant.

**ORDER GRANTING DEFENDANT'S MOTION FOR AN ORDER TO GATHER PERSONAL HEALTH INFORMATION AND FOR EX PARTE COMMUNICATION**

This matter comes before the court upon the Defendant Stonebridge Life Insurance Company's Motion for an Order to Gather Personal Health Information and for Ex Parte Communication, filed on May 24, 2005 (Doc. 13). Plaintiffs objected to the request for a court order, arguing that the Defendant should obtain the necessary information through a business records subpoena and that the Defendant should depose the health care providers pursuant to the Federal Rules of Civil Procedure (Doc. 14). Plaintiffs requested that if "off the record" interviews of health care providers are allowed, the Defendant notify Plaintiffs' counsel a reasonable time in advance and Plaintiffs' counsel be permitted to take part in the interviews.[1] Plaintiffs further argued that neither Sheila McGee nor Sharon Wilson, daughters of the deceased Thomas A. Wilson, have the authority to waive the patient-physician privilege for their deceased father.[2] The court has reviewed the parties' arguments and is now prepared to rule.

---

[1] Doc. 14 at 2.

[2] Doc. 14 at 1.

K.S.A. 60-427(d) provides in pertinent part:

There is no privilege under this section in an action in which the condition of the patient is an element or factor of the claim or defense of the patient or of any party claiming through or under the patient or claiming as a beneficiary of the patient through a contract to which the patient is or was a party.

Following the death of Thomas A. Wilson, the Defendant denied payment of Mr. Wilson's life insurance on the grounds that Mr. Wilson's blood alcohol level was .10 percent weight by volume at the time Mr. Wilson was injured in a motor vehicle accident.[3]  Plaintiffs contend Thomas A. Wilson's blood alcohol level was below .10 percent at the time of his death and so the alcohol exclusion of the policy should not have been applied.[4]  Because the condition of the deceased Thomas A. Wilson is an element of Plaintiffs' claim and the Plaintiffs are making their claim through or under Thomas A. Wilson's life insurance policy, there is no patient-physician privilege regarding Thomas A. Wilson's health information pertaining to the motor vehicle accident on May 24, 2004.  The Tenth Circuit has found that if K.S.A. 60-427(d) applies, then the patient-physician privilege "simply does not exist."[5]  Furthermore, there is no privilege between Mr. Wilson's doctors and the Plaintiffs that would enable the Plaintiffs to resist disclosure of Mr. Wilson's medical information.

Having determined that the Defendant is entitled to Mr. Wilson's health information specified

---

[3] Doc. 1 at 3; Doc. 5 at 5.

[4] Doc. 1 at 3-4.

[5] *Bryant v. Hilst*, 136 F.R.D. 487, 491 (D. Kan. 1991).  *See also*, *State v. Campbell*, 210 Kan. 265, 281 (1972).

above, the court must now decide how such information would best be produced. Defendant requests that the court enter an Order for Inspection and Reproduction of Medical Records and Protected Health Information Pursuant to State and Federal Law (HIPAA) and Notification of Waiver of Physician-Patient Privilege. Plaintiffs oppose such procedure, stating instead that a business records subpoena would be more appropriate. Although Plaintiffs argued that the Defendant can obtain the information through a business records subpoena, Plaintiffs did not cite a reason to prefer a business records subpoena over an order by the court while the Defendant noted that a business records subpoena is "time consuming and expensive for Defendant."[6] Federal Rules of Civil Procedure Rule 1 states that the Rules should be "construed and administered to secure the just, speedy, and inexpensive determination of every action." In an effort to ensure the just, speedy, and inexpensive determination of this action and pursuant to K.S.A. 60-427(d), the court finds that Thomas A. Wilson's health information is not protected by patient-physician privilege and that Mr. Wilson's health records pertaining to the injuries he suffered as a result of a motor vehicle accident on May 24, 2004, should be made available for examination and reproduction by the parties and their counsel at their expense. The order only relates to Thomas A. Wilson's health information and does not apply to the Plaintiffs' personal health information.[7]

The Defendant has also requested permission to conduct *ex parte* interviews with Thomas A.

---

[6] Doc. 14 at 1; Doc. 15 at 2.

[7] There seems to be some confusion on the Plaintiffs' part regarding the nature of the information sought by the Defendant. As this court understands it, Defendant is seeking only health information pertaining to Mr. Wilson, not the Plaintiffs themselves.

Wilson's treating physicians.[8]  The Plaintiffs argued that the Defendant should be required to gather evidence pursuant to the Federal Rules of Civil Procedure or, in the alternative, that the Plaintiffs' counsel be notified in advance and allowed to take part in any "off the record interviews."[9]  Although the Federal Rules of Civil Procedure "provide a mechanism for formal discovery" the Rules "do not bar informal discovery."[10]  Furthermore, the Tenth Circuit has found that "ex parte communications of treating physicians not listed as experts is permitted under the Federal Rules of Civil Procedure."[11]  Plaintiffs argue that because there is no "inequality of access" to Thomas A. Wilson's medical information, the reasoning behind *Bryant* does not apply in this case.[12]  The court in *Bryant* did address a situation where the plaintiff's medical history was involved and the court balanced the interests of the plaintiff with that of the defendant.  The court, however, also noted that it did "not believe that such a test is required under either Kansas law or the Federal Rules of Civil Procedure."[13]  The Plaintiffs attempt to distinguish this instant case from the case law regarding *ex parte* communication, but they do not provide a viable reason for the court to deny *ex parte* communication.  The Defendant, on the other hand, cites the increased time and expense involved in deposing various

---

[8]  Doc. 13 at 1.

[9]  Doc. 14 at 2.

[10]  *Lake v. Steeves*, 161 F.R.D. 441, 443 (D. Kan. 1994).

[11]  *Lake,* 161 F.R.D. at 442.  *See also, Watson v. Olathe Medical Center, Inc.*, 2002 U.S. Dist. LEXIS 983, 2002 WL 73395 (D. Kan 2002); *Evertson v. Dalkon Shield Claimants Trust*, 1993 U.S. Dist. LEXIS 5622, 1993 WL 135426 (D. Kan. 1993); *Clark v. Homrighous*, 136 F.R.D. 186, 188 (D. Kan. 1991).

[12]  Doc. 14 at 2.

[13]  *Bryant*, 136 F.R.D. at 491.

health providers as a reason to allow *ex parte* communication.[14]   The court grants Defendant's motion regarding *ex parte* communication with health care providers not listed as expert witnesses.  Parties may engage in *ex parte* communication, however, only after informing the treating physicians and health care providers of their right to decline to be privately interviewed.  Parties must also provide the treating physicians and health care providers with a copy of this Order before conducting the interviews.

**IT IS THEREFORE ORDERED BY THE COURT** that the Defendant's motion is granted.

**IT IS FURTHER ORDERED** that the health information for Thomas A. Wilson is not privileged and that Mr. Wilson's health records pertaining to the injuries he suffered as a result of a motor vehicle accident on May 24, 2004, should be made available for examination and reproduction by the parties and their counsel at their expense.

**IT IS FURTHER ORDERED** that the parties may engage in *ex parte* communication with health care providers not listed as expert witnesses regarding Thomas A. Wilson only after informing the health care providers of their right to decline being privately interviewed.  The parties must also provide the health care providers with a copy of this Order before conducting the interviews.

---

[14] Doc. 15 at 2.

**IT IS SO ORDERED.**

Dated this 28th day of June 2005, at Topeka, Kansas.

s/K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
